IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                Petitioner,

v.                                                       CASE NO. 24-3216-JWL

JAY ARMBRISTER,

                Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

On December 2, 2024, Petitioner Joseph Lee Jones began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for leave to proceed in forma pauperis. (Docs. 1 and 2.) Petitioner ultimately was denied leave to proceed in forma pauperis (Doc. 7) and he has now paid the required filing fee.

### Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1

1

F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## The Petition (Doc. 1)

The petition in this matter is difficult to understand. Petitioner has used the required, court-approved form for filing a petition under 28 U.S.C. § 2241, but he does not always set forth the information requested on the form and his assertions are often wide-ranging. At various points in the petition, he refers to his status as an "Artificial Intelligence Researcher and Fractal Mathematics Developer," unnamed people stealing his "Amazon money on [his] math book," "an OpenAI Chat GPT A.I. research grant," mail fraud, transhumanism, the digital millennial kingdom, and other topics. The statements Petitioner has written in the spaces for setting forth the specific grounds for relief and the facts that support each ground do not clearly identify his grounds for relief.

For example, in the space for setting forth Ground One and supporting facts for Ground One, Petitioner states, "Affirmative Defense as a Researcher I've tried over and over to present it I have the right to be heard, my due process before during and after I had right affiliations/and agenda so its impossible to be criminal to begin with. [*sic*]" (Doc. 1, p. 11.) In the space for setting forth Ground Two and its supporting facts, Petitioner states: "Martial Laws See NATURE Digital Drug user google it Military Level opid research auditing I had to Stay in the drug game. [*sic*]" *Id.* Grounds Three, Four, and Five are similarly difficult to comprehend. *See id* at 11-13.

With his petition, however, Petitioner filed a statement attributing "any prior confusion" in previous cases before this Court to "how [Petitioner's] brain processes things and [to] cognitive decline." (Doc. 1, p. 17.) He further explains in that statement that he is "being held beyond the time even possible if convicted of violating probation" and he has been "waiting on a Larned hospital bed" for 18 months "due to incompetence." *Id.* This appears to relate to the assertion on

2

page one of the petition that he is "stuck held incompetent to have a hearing to see if I violated probation. Now waiting 18 months on hospital bed." *Id.* at 1.

When the petition is liberally construed and considered in light of this attached statement, it appears that Petitioner asserts that in 2024, the Douglas County District Court sentenced Petitioner to 12 months of probation. (*See* Doc. 1, p. 1.) While he was on that probation, Petitioner was criminally charged in Shawnee County, Kansas. The Shawnee County District Court released Petitioner on bond, but Petitioner was then arrested on allegations that he had violated his Douglas County probation. The Douglas County District Court denied Petitioner's request for bond. *Id.* at 3.

Although it is not clear which state district court first considered the issue, at least one of the courts ordered Petitioner to undergo a competency evaluation. *Id.* He was found incompetent and is now in custody at the Douglas County Jail waiting for a bed to become available at a state hospital so that he can receive the court-ordered treatment intended to restore him to competency. *Id.* at 17. He alleges that the time he has been waiting for a bed is longer than the sentence he would face if were found to have violated his probation. As relief, Petitioner seeks his release from jail and dismissal of "all cases." *Id.* at 13.

**Analysis**

As an initial point, a federal habeas action is not the proper avenue by which to (1) reclaim money related to the online sale of Plaintiff's math book, (2) obtain an order directing action on neuromorphic transistors that have been beamed into his brain, (3) obtain compensation for the military Space Force's and K.U.'s use of his services, (4) initiate an investigation of alleged mail fraud, (5) obtain certified-mail services at Douglas County Jail, or (6) bring a claim that jail conditions violated his Eighth Amendment rights. Thus, to the extent that Petitioner seeks relief in

3

this matter on any of the aforementioned points, such claims are dismissed.

Liberally construing the pro se petition and attachments thereto, Petitioner also seeks in this federal habeas matter to challenge his pretrial detention, which is one proper use of petitions seeking relief under 28 U.S.C. § 2241. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citing *Walck v. Edmonson*, 472 F.3d 1227, 1235 (10th Cir. 2007)); *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished). As the Court understands it, Petitioner argues that he has now been detained without trial for longer than the potential sentence he faces if he is convicted on the underlying criminal charges. If the Court's understanding of Petitioner's claim is incorrect, Petitioner should notify the Court in writing and should clarify the nature of his ground for relief.

If the Court has correctly construed Petitioner's claim in this matter, it must consider the abstention doctrines in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). In *Ex parte Royall*, the United States Supreme Court described some very limited circumstances in which such intervention might be proper. *See* 117 U.S. at 251-52. The Supreme Court explained that otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity"). Even liberally construed, the petition in this case does not allege the type of circumstances under which *Ex parte Royall* permits federal-court intervention in an ongoing state criminal prosecution.

Nearly a century after *Ex parte Royall*, in *Younger v. Harris*, the Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1)

4

there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019).

The Court finds that the information presently before it shows that three *Younger* conditions are present. There is at least one ongoing state criminal proceeding and perhaps two, so the first condition is satisfied. With respect to the third condition, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws and in administering its criminal justice system, including competency-related proceedings. *See Winn*, 945 F.3d at 1258 ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'"); *See also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger* and recognizing "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

As to the second *Younger* condition, when the petition is liberally construed, Petitioner asserts that the state courts do not provide an adequate forum because he has filed multiple lawsuits and motions without a response from the State. (Doc. 1, p. 9.) Petitioner does not provide more specific information about his efforts. The Court understands that Petitioner is unable to "remember [his] recent case numbers or dates and times." (*See* Doc. 1, p. 5.) But without additional information on Petitioner's efforts to present to the state courts his claim that he is being unconstitutionally detained, the Court cannot find that the state courts do not provide an adequate forum for that claim.

If the three *Younger* circumstances are present, as they are here, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*,

555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.* At this point, on the information now before the Court, this matter is subject to dismissal because the Court must abstain from intervening in the state proceedings at issue.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **March 10, 2025**, to show cause, in writing, why this matter should not be dismissed in its entirety because *Ex Parte Royall* and *Younger* require the Court to abstain from hearing this matter. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 7th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
