IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

          **Petitioner,**

  v.                  CASE NO. 24-3216-JWL

**JAY ARMBRISTER,**

          **Respondent.**

### MEMORANDUM AND ORDER

  This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Joseph Lee Jones, a Kansas prisoner at the Douglas County Jail in Lawrence, Kansas. On February 7, 2025, the Court issued a memorandum and order to show cause (MOSC) in which it construed Petitioner's argument in this matter is "that he has now been detained without trial for longer than the potential sentence he faces if he is convicted on the underlying criminal charges." (Doc. 8, p. 4.) The MOSC directed Petitioner to notify the Court in writing if that understanding of Petitioner's claim is incorrect. *Id.* The MOSC further explained that if the Court was correctly construing Petitioner's claim, it appears that this matter must be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). (Doc. 8, p. 4-6.) After setting out the circumstances under which abstention is required, the Court granted Petitioner time in which to show cause why this matter should not be dismissed under those doctrines. *Id.* at 6.

  Petitioner timely filed his response to the MOSC. (Doc. 9.) Even liberally construing the pro se response, Petitioner does not dispute the Court's understanding of his claim in this matter, although he clarifies that he is being held in Douglas County on a probation violation and that he simply seeks an order directing Douglas County to release him on bond—as Shawnee County

1

did—until his competency evaluation. *Id.* at 1. Petitioner also disputes the Court's conclusion in the MOSC that *Younger* requires dismissal of this action. *Id.*

As set out in the MOSC:

> Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted).

(Doc. 8, p. 4-5.) If all three circumstances are present, federal abstention is mandatory, unless there are extraordinary circumstances, none of which Petitioner asserts exist in the case now before this Court. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009); *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Instead, Petitioner's response focuses on the second *Younger* circumstance, arguing that the state courts do not provide an adequate forum to hear his claim that he is being unconstitutionally detained. (Doc. 9, p. 1-2; Doc. 9-1.) Petitioner explains that when he submitted a K.S.A. 60-1501 motion that raises the claims he seeks to raise in this federal habeas action, the state court filed the motion in an already existing case rather than as a distinct habeas action under a new case number. (Doc. 9, p. 1-2.) Petitioner has provided the case number of the relevant case: DG-2024-CV-000318. *Id.* The Court has reviewed the records of that case that are available through the online Kansas District Courts records portal. They support Petitioner's assertions that his K.S.A. 60-1501 motion was filed in the case nearly two months after the initial "Petition for Damages and Restraining Order" filed by Petitioner that raised other issues regarding the conditions of his confinement at the Douglas County Jail.

Petitioner contends that the filing of his K.S.A. 60-1501 motion in an unrelated case shows the "sloppy" way in which the state court is handling his K.S.A. 60-1501 motion and he contends

that the state court thereby denied him the opportunity to have his K.S.A. 60-1501 motion be heard. *Id.* at 2. Petitioner also points out that the defendants in case number DG-2024-CV-000318 have never responded to his initial filing or to the K.S.A. 60-1501 motion and that the state district court has "failed to even hear" the claims in his K.S.A. 60-1501 motion. *Id.* Liberally construed, these arguments amount to the assertion that the state courts are not an adequate forum for Petitioner's claims, as contemplated in *Younger*.

The Court has carefully considered the information in the response and in the relevant state-court records. The Tenth Circuit has held that "'unless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted). *See also Kabutu v. Short*, 2022 WL 3010620, *2 (10th Cir. July 29, 2022) (unpublished) ("As a general matter, Kansas state courts provide an adequate forum for the resolution of constitutional claims incident to a state criminal prosecution absent a clear state bar to the assertion of such claims.").

Even liberally construing the pro se filings in this Court, Petitioner does not allege that state law prevents him from raising in state court the claims he seeks to raise in this federal habeas action. In fact, Petitioner appears to have raised these claims in a K.S.A. 60-1501 motion filed in the Douglas County District Court. Although the motion was filed in an already pending civil matter, there is no indication that the state district court will not consider the issues raised in the motion.

Petitioner's emphasis in his response of the time his K.S.A. 60-1501 motion has been pending is similarly unpersuasive. The United States Supreme Court has recognized, at least in dicta, that a delay in state court proceedings may affect the analysis of whether an adequate forum

3

is available for the purposes of *Younger*. *See Gibson v. Berryhill*, 411 U.S. 564 (1973) (noting that the dismissal under *Younger* of a federal suit "naturally presupposes the opportunity to raise and *have timely decided* by a competent state tribunal the federal issues involved" (emphasis added)). But Petitioner's K.S.A. 60-1501 motion has only been pending since November 19, 2024. Although the Court understands Petitioner's frustration with the pace of the state court proceedings, it cannot say that a wait of just over 3 months since the K.S.A. 60-1501 motion was filed is sufficient to render the state courts an inadequate forum for Petitioner's constitutional claims.

Even in light of the information and argument presented in the response, the Court maintains its earlier conclusion that all three of the circumstances identified in *Younger* are present here. Because *Younger* abstention is mandatory when all three circumstances are present, the Court concludes that this matter must be dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of

appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without** prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 24th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge